UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE EBERT,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BROKERS OF AMERICA, INC., an Ohio Corporation, d.b.a. Express Benefits Plus,<br><br>Defendant. | No. 2:17-cv-1983-KJM-EFB<br><br>FINDINGS AND RECOMMENDATIONS |

This case was before the court on April 25, 2018, for hearing on plaintiff's motion for entry of a default judgment against defendant National Brokers of America, Inc. ECF No. 8. Attorney Nathaniel Clark appeared on behalf of plaintiff; no appearance was made by defendant. For the reasons stated below, plaintiff is entitled to default judgment the motion should be granted.[1]

I. Background

Plaintiff brings this action against defendant National Brokers of America, Inc. ("National Brokers" or "defendant"), alleging violations of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1. The docket reflects that defendant was served with a copy of the

---
[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

1

summons and complaint on October 2, 2017. ECF No. 5. Despite being properly served, defendant has not responded to the complaint. Plaintiff requested entry of defendant's default, which the clerk entered on November 29, 2017. ECF Nos. 6, 7. Plaintiff now moves for entry of a default judgment in the amount of $93,000, which represents statutory damages based upon 62 violations of the TCPA.

According to the complaint, from July to September 2017, defendant used an automatic telephone dialing system to call plaintiff's cellular phone on 62 occasions. ECF No. 1 ¶¶ 35-37. Defendant failed to identify itself during each of the calls. *Id*. ¶ 34. Moreover, at the time the calls were placed plaintiff was registered on the national do-not-call registry. *Id*. ¶¶ 32, 38. Plaintiff also orally instructed defendant to stop contacting her during phone calls placed on August 4, 7, and 8, 2017. *Id*. ¶¶ 17-19. The complaint alleges three causes of action, styled as (1) "Use of Automatic Telephone Dialing System," (2) "Failure to Identify Calling Party," and (3) "Do-Not-Call List Violations." *Id*. at 9-11.

II. Legal Standards

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*

*Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (stating that although a default established liability, it did not establish the extent of the damages).

III. <u>Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors</u>

Plaintiff's complaint sufficiently alleges multiple violations of the TCPA. Under the TCPA, it is unlawful for "any person . . . to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA also prohibits a person or entity from placing multiple calls in a 12-month period to a person registered on the national do-not-call registry. 47 U.S.C. § 227(c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may [pursue an action]."); 47 C.F.R. § 64.1200(c) ("No person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ."). The FCPA also requires that all calls using an artificial or prerecorded voice "state clearly the identity of the . . . entity that is responsible for initiating the call." 47 C.F.R. § 64.1200(b).

The complaint alleges that defendant called plaintiff's cellular phone 62 times between July and September 2017. ECF No. 1 ¶ 35. Each call was made with an automatic telephone dialing system using the same pre-recorded/artificial voice message. *Id*. ¶¶ 36-37. Further, the

3

calls were made without plaintiff's consent and, at the time each call was made, plaintiff was registered on the national do-not-call- registry. *Id*. ¶¶ 30, 32. The complaint also alleges that defendant failed to identify itself when calling plaintiff. *Id*. ¶ 34. These allegations are sufficient to show that each of the 62 phone calls defendant made violated the TCPA. Accordingly, the merits of plaintiff's substantive claims and the sufficiency of the complaint weigh in favor of default judgment.

Furthermore, many of the remaining *Eitel* factors weigh in favor of granting plaintiff's application for default judgment. Defendant was served a copy of the summons and complaint, but has failed to appear and defend against plaintiff's claims. ECF No. 5. Thus, it appears that defendant's failure to respond is not due to excusable neglect. Plaintiff only seeks damages in the amount authorized by statute and, when accepting plaintiff's allegations as true, there is little possibility of a dispute concerning material facts. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc., 219 F.R.D. at 500*; *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177. Furthermore, plaintiff would potentially face prejudice if the court did not enter default judgment as defendant has failed to respond to plaintiff's claims, preventing the ability to litigate the claims on their merits. Although there is a strong policy in deciding cases on the merits, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *Cal. Sec. Cans*, 238 F. Supp. 2d at 1177; *see Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan. 11, 2010); *Hartung v. J.D. Byrider, Inc.*, 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, plaintiff is entitled to default judgment against defendant National Brokers.

Plaintiff seeks $1,500 in statutory damages for each violation, for a total of $93,000. ECF No. 8 at 6. Generally, a plaintiff may obtain $500 in statutory damages for each violation of the TCPA. 47 U.S.C. § 227(b)(3)(B). However, the court may, in its discretion, increase the award

of damages up to three times the amount recoverable if it finds that the defendant "willfully or knowingly" violated the TCPA. 47 U.S.C. § 227(b).

Here, most of the calls defendant made to plaintiff's cellular phone constituted willful violations of the TCPA. Plaintiff first requested that defendant stop calling her in a call she received on August 4, 2017.[2] ECF No. 1 ¶¶ 17, 35. By the time of that call, plaintiff had received 12 prior calls place by defendant. Whether those 13 calls were placed in willful disregard of TCPA is a fair question but is ultimately unclear from the facts as pleaded. Accordingly, damages in the amount of $500 is appropriate for each such call.

However, after that date, defendant placed 5 subsequent calls over the course of which plaintiff demanded for the second and third time that all calls cease. On these facts, the court finds that those 5 calls were placed in willful disregard of the requirements of the TCPA and that an award of damages in the amount of $1,000 for each of such call is appropriate.

Notwithstanding plaintiff's 3 demands that the calls end, defendant placed 44 more calls to plaintiff in obvious and willful violation of the TCPA. Each call was placed after repeated requests that they stop. Accordingly, an award of damages in the amount $1,500 per violation, the maximum permitted under the TCPA, is appropriate for each such call.

In sum, plaintiff should be granted $77,500 in statutory damages for defendant's 62 violations of the TCPA.

III. Conclusion

For the reasons state above, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 8) be granted; and

2. Plaintiff be awarded statutory damages in the amount of $77,500.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Plaintiff received two calls from defendant on August 4, 2017. ECF No. ¶ 35. The request to cease calling plaintiff was made during the first call. *Id*. ¶¶17, 35.

5

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 31, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE